# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANASIA WADLEY,

    *Plaintiff,*

v.

KIDDIE ACADEMY INTERNATIONAL, INC., *et al*

    *Defendants.*

CIVIL ACTION
NO. 17-05745

## MEMORANDUM ORDER

**AND NOW**, this 8th day of August, 2018, upon consideration of Plaintiff's Motion to Amend/Correct Plaintiff's Complaint (ECF No. 18) and Defendants' Response in Opposition (ECF No. 20), it is **ORDERED** that:

1. Plaintiff's Motion to Amend/Correct Plaintiff's Complaint (ECF No. 18) is **GRANTED** and the Third Amended Complaint (ECF No. 18-2) is deemed filed as of July 19, 2018. Defendants may answer or otherwise respond to the Third Amended Complaint on or before August 22, 2018.

2. Defendants' Partial Motion to Dismiss (ECF No. 17) is **DENIED as MOOT**.

Janasia Wadley sued her former employer Kiddie Academy of Langhorne, Kiddie Academy International, Inc. and Essential Brands, Inc. alleging gender discrimination (Count 1) and retaliation (Count 2) under Title VII and violations of the Americans with Disabilities Act (Count 3). Wadley also brought comparable state law claims under the Pennsylvania Human Relations Act (Counts 4 and 5). Finally, she asserted

claims against her former supervisors Christina Recca, Ruchi Srivastava, and "Lisa" for individual liability under the PHRA (Count 6). The Defendants filed a partial motion to dismiss (ECF No. 10) which the Court granted in part and denied in part in its June 19, 2018 Memorandum Opinion and Order (ECF Nos. 14 & 15). Specifically, the Court denied the Motion with respect to Counts 3 and 4 and granted the Motion with respect to Counts 1, 2 and 5. The Court also dismissed all claims against Kiddie Academy International, Inc. and Essential Brands, Inc. but allowed Wadley to file a Second Amended Complaint on or before July 3, 2018. (*Id.*)

Wadley timely filed a Second Amended Complaint on July 3, although it was nearly identical to her Amended Complaint—the only difference between the documents was the cover page. (ECF No. 16.) The Defendants filed another partial motion to dismiss contending that Wadley failed to cure the deficiencies in her pleading. (ECF No. 17.) On July 19, 2018, Wadley responded to Defendants' Motion (ECF No. 19) but also filed a Motion to Amend/Correct Plaintiff's Complaint with the correct Second Amended Complaint attached as an exhibit (ECF No. 18). In her Motion to Amend, Wadley's counsel contends that the incorrect complaint was filed due to a clerical error on his end.

While the Defendants do not address the statute of limitations on Wadley's PHRA claims, they contend that the limitations period has run on her Title VII claims. Wadley's original complaint was timely but the Defendants contend that those timely claims should be treated as if they never existed since the Court dismissed them without prejudice. (*Id.* at 3; *see also Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) ("[T]he dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal

and refile the complaint".))  While that may be true in some instances, the statute of limitations is tolled if a plaintiff timely files her original complaint, the Court dismisses claims without prejudice but allows filing of an amended complaint within a specific time period and the plaintiff files the amended complaint *within that period*.  *See Brennan*, 407 F.3d at 607.  This allows a plaintiff to attempt to correct deficiencies in her pleading while simultaneously preventing a plaintiff from indefinitely extending the limitations period.  *Id*.  Although Wadley filed an incorrect version of her Second Amended Complaint, she did so within the time period prescribed by the Court and her claims are not barred by the statute of limitations.  *See Winkler v. Progressive Business Publications*, 200 F. Supp. 3d 514, 518–19 (E.D. Pa. 2016).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.